## The Chicago and Alton Railroad Company

*v.*

## Gustave Nelson, Admr.

*Filed at Springfield October 30, 1894.*

1. Negligence—*placing ashes and cinders on street by railroad company.* The placing of a large pile of ashes and cinders on a public street by the employees of a railroad company, whereby a child fell under a moving train, will support a jury's finding of negligence.

2. Same—*degree of care required of a child.* The law requires no greater care from a child than might reasonably be expected from one of his years and experience.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Mr. William Brown, and Messrs. Greene & Humphrey, for the appellant.

Mr. Charles E. Selby, and Messrs. Conkling & Grout, for the appellee.

Mr. Justice Bailey delivered the opinion of the court:

This was an action on the case, brought by Gustave Nelson, administrator of the estate of Ingeman Nelson, deceased, against the Chicago and Alton Railroad Company, to recover damages for the death of the plaintiff's intestate. The deceased was killed by one of the defendant's cars, at or near the intersection of Third and Carpenter streets, in the city of Springfield. The defendant's main track and several of its side-tracks are laid on and along Third street, a street running north and south, and the defendant's employees in charge of its locomotive engines had been in the habit of discharging ashes and cinders from the engines upon the main track immediately south of Carpenter street, a street running east and west and crossing the tracks. These ashes and cinders,

after being discharged from the engines upon the main track, were shoveled by the defendant's employees over on to the space between the main track and the side-track next east of it, from which point, after they had accumulated, they were shoveled on to cars and carried away. On the day the plaintiff's intestate was killed, a pile of ashes and cinders had accumulated and was allowed to remain between the main track and the side-track next east therefrom, extending from the sidewalk on the south side of Carpenter street from forty to fifty feet south, and being, according to the various estimates of the witnesses, from one to two and a half or three feet in height in the middle, and sloping down to the track on either side.

The deceased, at the time, was living with his parents on Carpenter street, between one and two blocks west of the railroad. On Sunday, the 18th day of December, 1892, he, with his brother and sister, both younger than he, started from home to go to Sunday school, which was held on the corner of Carpenter and Fifth streets, that being two blocks east of the railroad. They walked along the sidewalk on the south side of Carpenter street, and as they reached the railroad, a freight train, consisting of a loco-motive and twenty-three or twenty-five freight cars, was approaching, the train moving, as the only witness who was examined on that subject testifies, about as fast as a man would ordinarily walk. The deceased and his brother succeeded in crossing the track in front of the train, but their sister, a little girl about six years old, failed to get across, but remained behind and thus became separated from them.

The deceased and his brother both stopped on the east side of the main track waiting for the train to pass by, both being apparently solicitous for the welfare of their little sister, and both endeavoring to get a view of her through the openings under the train. The deceased, thinking that he and his brother were both too near the

train, cautioned his brother not to remain so close to it, as the cars might hit him, and at the same time endeavored to step back himself. He seems to have been then standing or to have stepped on to the end of the pile of ashes at the edge of the sidewalk, and as he endeavored to step back his footing gave way, and he slipped under the car, and was caught by the machinery of one of the trucks and received the injuries of which he soon afterwards died.

The declaration alleges, in substance, that the defendant was occupying with its tracks a considerable portion of Third street near Carpenter street crossing, and that on and before the day the deceased was killed, it negligently and wrongfully threw from its engines large quantities of ashes and cinders on to the street, outside of its tracks and close by the side thereof, and made great piles of the same in Third street, near Carpenter street, and allowed them to remain there and make the street rough, uneven, dangerous and slippery for persons passing along or being upon the street, so they were liable to trip, slip, tumble and fall upon the street, and over, upon and across the railroad tracks therein, and that the deceased, in attempting to step further away from the defendant's track to avoid the train, with due care and caution for his personal safety, accidentally and unavoidably stepped against and on to the pile of cinders and ashes so placed on the street by the defendant, and unavoidably, while using due care for his safety, was tripped and thrown down by the pile of cinders, to and upon the track and under the cars, and was killed.

The defendant pleaded not guilty, and at the trial the jury found the defendant guilty, and assessed the plaintiff's damages at $1500, and for that sum and costs the plaintiff had judgment. That judgment has been affirmed by the Appellate Court on appeal, and this appeal is from the judgment of affirmance.

It was contended by the defendant in the Appellate Court that the verdict and judgment were not supported by the evidence, but the judgment of that court having conclusively settled all controverted questions of fact in favor of the plaintiff, the defendant has very properly abandoned all contentions of that character in this court, the only proposition submitted here being, that the court erred in giving to the jury the following instruction at the instance of the plaintiff :

"The court instructs the jury in this case, that if you believe, from the evidence, that the defendant placed ashes or cinders on the street where the injury complained of occurred, as charged in the declaration, and that such act was negligence on the part of the defendant, as charged in the declaration, and that by reason thereof the deceased, Ingeman Nelson, was injured and killed, as charged in the declaration, and that it might have been reasonably foreseen that some such injury as that received by said deceased would be likely to occur as the result of such negligence, and that the deceased was, at the time, exercising for his own safety reasonable care and diligence for one of his years and capacity, then you will find for the plaintiff."

The objection urged to this instruction is, not that it fails to lay down a correct proposition of law, but merely that there was no evidence before the jury tending to show either negligence on the part of the defendant or the exercise of due care on the part of the deceased. We are of the opinion that this objection can not be sustained, and that there was evidence upon both points sufficient to justify their submission to the jury.

It seems clear that the pile of ashes and cinders described by the witnesses was an unwarrantable and dangerous obstruction upon the public street, and that the act of the defendant in placing it upon the street and maintaining it there was one which the jury were justified in pronouncing negligent. It certainly tended to establish

negligence, and therefore presented a proper question for the consideration of the jury.   Nor does there seem to be any want of evidence tending to establish a causal connection between the act of the defendant in placing and maintaining the pile of ashes and cinders on the street and the injury which resulted in the death of the plaintiff's intestate.   It appears that he was standing on the east side of the train waiting for his little sister, who had been left on the other side, and that in attempting to move back from the cars so as to better secure his own safety, he stepped upon the pile of cinders, and that as he did so his footing gave way, thus precipitating him under the cars and causing his death.

Nor, in our opinion, is there any want of evidence tending to show the exercise of due care on the part of the deceased.   In determining the nature and degree of care he was bound to exercise, it must be remembered that he was a boy less than ten years of age, and that such care only was required of him as might be reasonably expected of a boy of his age and intelligence.   It is also to be remembered that his little sister, whom he had in charge, had been accidentally separated from him and had been left on the other side of the train, and that he was naturally and properly solicitous for her safety.   It was but natural that he should remain near the train, and that he should be endeavoring to assure himself that his sister was not in a place of danger.   It was proper for the jury to interpret his conduct in the light of all these facts, and to determine from all the evidence whether his conduct manifested that degree of care for his own safety which might properly be expected from him under the circumstances.

But there is direct evidence that he was on the alert for his own safety as well as that of his brother and sister. It is shown that, as he and his brother were standing near the train, he observed that they were so near as to be in some danger of being struck by it, and that he admonished his brother to move farther away, and attempted

at the same time to move farther away himself, but that in doing so he stepped upon the pile of cinders and thereby lost his footing and slid down under the cars. Here was certainly evidence tending to show the exercise of care on his part, making the question one of fact for the jury. It can not be said, therefore, that there was no evidence tending to support the instruction and that it was error to give it for that reason.

No other error is now complained of. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*